**Eloy LUGO, Petitioner,**

v.

**DEPARTMENT OF JUSTICE, Respondent.**

No. 03–3224.

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 12, 2003.

Before RADER, BRYSON, and LINN, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) affirmed an Immigration and Naturalization Service (INS) decision that Mr. Eloy Lugo was unsuitable for employment as a border patrol agent. *Eloy Lugo v. Dep't of Justice*, Docket No. DA–0731–03–0122–I–1 (M.S.P.B. Apr. 3, 2003) (initial decision) (final decision on May 8, 2003). Because the Board's decision is supported by substantial evidence, this court *affirms.*

## I.

In September 2000, Mr. Lugo applied to the INS for a position as a trainee border patrol agent. On July 26, 2002, the INS sent Mr. Lugo a show cause letter raising concerns about Mr. Lugo's criminal or dishonest conduct under 5 C.F.R. § 731 (2003). The INS found that on June 1, 2000, Mr. Lugo provided incomplete and misleading information to the INS about his July 1988 arrest for organized criminal activity in an illegal drug transaction. The INS found that on June 12, 1991, Mr. Lugo provided incomplete and misleading information, and on August 5, 1991, Mr. Lugo provided dishonest information to the Defense Investigation Service about the illegal drug transaction. The INS also found that on November 14, 1990, Mr. Lugo provided dishonest information to the Department of Defense about the ille-

gal drug transaction. On November 8, 2002, the INS notified Mr. Lugo that he was ineligible for the position.

Mr. Lugo appealed the INS decision to the Board. On April 3, 2003, the administrative judge affirmed the INS in an initial decision. Mr. Lugo did not appeal the initial decision, which became final on May 8, 2003.

Mr. Lugo filed a petition for review of the final decision in this court, which has jurisdiction under 28 U.S.C. § 1295(a)(9) (2000).

## II.

This court affirms a Board decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

An agency may find an individual unsuitable for employment for "criminal or dishonest conduct." 5 C.F.R. § 731.202(b)(2) (2003). If an individual appeals an adverse suitability determination, the Board will affirm if it finds that at least one of the agency's charges is supported by preponderant evidence. 5 C.F.R. § 731.501(a) (2003).

The Board determined that the INS showed by preponderant evidence that Mr. Lugo had engaged in "criminal and dishonest conduct." The Board concluded that the INS correctly found Mr. Lugo unsuitable for employment.

Mr. Lugo contends that the Board did not take into account that he had a security clearance while in military service and that the same facts had been reviewed in approving that security clearance.

The record shows that the United States Army had granted Mr. Lugo "secret" se-

curity clearance in October 1991. The record also shows that the Board considered that security clearance. In its initial decision, the Board specifically discussed the United States Army's grant of security clearance, and found that Mr. Lugo was dishonest in explaining the drug incident when he applied for the security clearance.

Substantial evidence supports the Board's decision that the INS established by preponderant evidence that Mr. Lugo engaged in "criminal or dishonest conduct." The record shows that Mr. Lugo has given several different accounts of the events surrounding the drug incident. The discrepancies support the Board's finding of dishonest conduct. And although Mr. Lugo was not tried or convicted on the charge of organized criminal activity, Mr. Lugo concedes he engaged in criminal conduct during the drug incident.